# EXHIBIT B

## IN THE DISTRICT COURT OF MUSKOGEE COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| ANDREW MARK CHILDRESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. CJ - 19-384 |
| | ) | |
| JOHNSTON'S PORT 33, INC., | ) | |
| d/b/a OAKLEY'S PORT 33, and | ) | FILED BY PAULA SEXTON |
| BRUCE OAKLEY, INC. | ) | DISTRICT COURT CLERK |
| | ) | |
| Defendants. | ) | OCT 1 6 2019 |

**PETITION**          MUSKOGEE COUNTY, OK

COMES NOW the Plaintiff, Andrew Mark Childress, by and through his attorney, Phil Votaw, of Phil Votaw & Associates, and for this cause of action against the Defendants Johnston's Port 33, Inc. d/b/a Oakley's Port 33, and Bruce Oakley, Inc., states as follows:

1.    Plaintiff, Andrew Mark Childress (hereinafter, Mark), is a resident and citizen of Tahlequah, Cherokee County, and State of Oklahoma.

2.    Defendant, Johnston's Port 33, d/b/a Oakley's Port 33, (hereinafter, Oakley's) at the time of the accident described further herein, is a business incorporated in the state of Oklahoma.

3.    Defendant, Bruce Oakley, Inc. (hereinafter, Bruce Oakley, Inc.) at the time of the incident described further herein, is a business incorporated in the state of Arkansas.

4.    Venue is proper under Oklahoma law, in that the incident herein complained of occurred in Sequoyah County, Oklahoma.

5.    On March 26, 2019 Plaintiff, Mark Childress, was at his place of employment Port Muskogee, located near the Arkansas, Verdigris and Grand Rivers. Plaintiff Mark is a harbormaster at Muskogee Port Authority. On March 26, 2019 Mark was told by the operations

1

manager, that Phil King, employee of Port 33, wanted to haul out motor vessel "Mister Lew". At approximately 7:00am, Mark moved the Marine Travel Lift down to the haul-out station. Mark arrived at the haul-out station at approximately 9:00am, after operations manager observed Phil King's arrival with the vessel at haul-out station. Mark was inside the operation cage of the Marine Travel Lift, with his operations manager guiding him to keep vessel level for haul-out. After approximately 3 minutes, the 3 and 4 cable motors of the travel lift went into bypass mode, indicating the vessel was too heavy. Mark told operations manager that the travel lift was going in to bypass mode. Eventually the Port-bow and Starboard-bow cables broke free, throwing Mark out of the operations cage and in to the guard rail. The pad-eye that broke onboard motor vessel "Mister Lew" was clearly rusted completely through on the Port-bow and Starboard-bow pad-eye could not carry the load alone, and broke free also. As a result, Mark received injuries to his tailbone, lower back, groin, left and right knees, right hip and right shin.

6.     The Defendant Oakley's, was guilty of negligence, which was the proximate cause of the above-described incident and Plaintiff's resulting damages in the following particulars:

(a)     In failing to inspect the pad-eyes of the motor vessel;

(b)     In failing to maintain the premises of the motor vessel in accordance with OSHA safety regulations;

(c)     In failing to exercise ordinary care for her own safety and for the safety of others using the motor vessel;

(d)     Other acts of negligence to be more clearly determined upon completion of discovery.

7.     These acts of negligence and recklessness on the part of the Defendant, Oakley's, were the proximate cause of the injuries and damages suffered by the Plaintiff, Mark, as more specifically described herein.

2

8. As a proximate result of the negligence of the Defendant Oakley's, the Plaintiff, Mark, sustained injuries causing him to seek medical treatment.

9. Plaintiff, Mark, is entitled to recovery for the following damages, all of which were proximately caused by the negligence of the Defendant;

    (a)    Damages for physical and emotional suffering caused to pain and suffering visited upon the Plaintiff due to her injuries;

    (b)    Punitive damages for medical and other out-of-pocket expenses;

    (c)    Damages for future pain and suffering;

    (d)    Damages for medical expenses to be incurred in the future; and

    (e)    Damages for permanent injury.

10. Jury trial demanded.

11. Attorney lien claimed.

WHEREFORE, Plaintiff, Mark, prays that he have and recover judgment against the Defendants, in a sum in excess of the federal jurisdictional limits in diversity cases in punitive damages; for pre- and post-judgment interest as may be allowed by law; for court costs; attorneys' fees; and any and all other relief to which he may be entitled to receive.

RESPECTFULLY SUBMITTED,

PHIL VOTAW & ASSOCIATES

BY: _____
Phil Votaw, OBA #17983
PHIL VOTAW & ASSOCIATES
9 North 9th Street
Fort Smith, AR 72901
(479) 434-6200 Tel.

3

(479) 649-9700 Fax
phil@votawlaw.com
*Attorney for the Plaintiff,*
*Mark Childress*