```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF OKLAHOMA

ANDREW MARK CHILDRESS,           )
                                 )
                Plaintiff,       )
                                 )
v.                               )   Case No. CIV-19-422-RAW
                                 )
JOHNSTON'S PORT 33, INC.,        )
                                 )
                Defendant.       )
```

## O R D E R

This matter comes before the Court on Non-Party Brennan & Wilson, PLLC's Motion to Quash (Docket Entry #34). This Motion was referred to the undersigned by United States District Judge Ronald White, the presiding judge in this case.

On July 17, 2020, Defendant issued a subpoena to the non-party law firm to produce "[a]ll pleadings, written discovery and documents exchanged during written discovery, medical records, deposition transcripts, settlement agreements, and any other non-privileged documents pertaining to Cherokee County, OK, Andrew Mark Childress v. R. Lee Fleming, Case Number CJ-2015-118." The non-party law firm represented Plaintiff in the referenced lawsuit to recover for personal injuries he sustained in a 2015 roof collapse. Defendant seeks the production of the information sought from the non-party law firm's client file.

The non-party law firm objects to the production on the basis that (1) it received advice from the Ethics Counsel for the Oklahoma Bar

1

Association that the subpoena should be opposed since Plaintiff did not consent to the production of the client file; (2) Formal Ethics Opinion 473 of the Standing Committee on Ethics and Professional Responsibility of the American Bar Association also advises that the subpoena be opposed if reasonable grounds exists for the opposition; (3) the pleadings sought are readily available from another source – namely, the Cherokee County Court Clerk; (4) the request for medical records implicates privacy laws; (5) Defendant's request for written discovery and documents would require the production of the non-party law firm's work product; and (6) no deposition transcripts or settlement agreements exist in the file to comply with the subpoena's demand.

The non-party law firm bases its opposition to the motion to quash on specified provisions of Fed. R. Civ. P. 45(d)(3)(A) which provides, in pertinent part:

> When Required.  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies. . . [or] (iv) subject a person to undue burden.

Defendant clearly excepts privileged matters from the discovery request.  To the extent the non-party law firm is claiming protection from production due to the work product doctrine, it is a novel concept that discovery requests constitute attorney work product.  Even if by some measure the requests were considered such, the claim is waived by production to the opposing side in the Cherokee County lawsuit.  <u>Foster</u>

2

v. Hill (In re Foster), 188 F.3d 1259, 1272 (10th Cir. 1999) (indicating that the work-product doctrine is affected when a disclosure is to an adversary).

The non-party law firm shall also be required to produce any pleadings in its possession in connection with Plaintiff's Cherokee County action.  While the documents might also be available from the Court Clerk, this fact does not preclude production from another source.

As for Plaintiff's medical records which might be in the non-party law firm's possession, the firm will be required to produce the records in its files.  This ordered production will protect the non-party law firm from any disclosure concerns which it considers might provide it legal exposure to Plaintiff.

The non-party law firm has already disclosed that no deposition transcripts or settlement agreements are contained in its client file for the Cherokee County litigation.  As a result, this Court will not address the propriety of the revelation of such matters in this action.

Finally, this Court is mindful of the ethical concerns espoused by the non-party law firm and commends the firm for seeking advice in complying with the subpoena from the OBA's ethics counsel.  Plaintiff has, however, "opened the door" for this production by bringing the subject lawsuit and claiming an additional personal injury claim.  If, in fact, he failed to divulge the existence of the Cherokee County lawsuit when requested as represented by Defendant, the production is further justified and warranted for Defendant to explore the full extent

3

of Plaintiff's prior damage claims.

IT IS THEREFORE ORDERED that Non-Party Brennan & Wilson, PLLC's Motion to Quash (Docket Entry #34) is hereby **DENIED**. The non-party law firm shall comply with Defendant's subpoena and produce the requested documents no later than **SEPTEMBER 18, 2020.**

IT IS SO ORDERED this 10th day of September, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE